## Young v. Schaub

*William E. Young*, for petitioner.

*John W. Mahaley*, for respondent.

WELLS, P. J., August 7, 1964.—This matter for determination concerns the sale of a certain property in this county by the treasurer of Potter County, Pa., for delinquent taxes.

The undisputed facts are as follows:

1. Plaintiff is William E. Young, attorney-at-law, of 502 Oak Street, Coudersport, Potter County, Pa.

2. Defendant is Albert A. Schaub, then the duly elected, qualified and acting Treasurer of the County of Potter, State of Pennsylvania.

3. Pursuant to the act of assembly authorizing the sale of real estate for delinquent taxes, the said county treasurer did expose for public sale, on October 20, 1958, among other properties, the following property:

For nonpayment of taxes for the year 1956, Genesee Township, 106 acres, Josephine Jenkins, $45.93.

4. That at the said sale, the said property was sold to plaintiff, pursuant to his bid in the amount of taxes, interest and costs, plus $500.

5. That as soon as practicable following said sale, to wit, October 21, 1958, Albert A. Schaub mailed a bill to plaintiff in the amount of $195.03, representing the amount demanded by Albert A. Schaub prior to execution or delivery of the appropriate tax deed to plaintiff.

6. That immediately upon receipt of the bill from the county treasurer, plaintiff tendered to the county treasurer $56.03.

7. That at that time, October 22, 1958, the county treasurer accepted payment of $56.03 from plaintiff conditioned upon approval of payment in that amount by the county solicitor, John W. Mahaley.

8. That on October 24, 1958, the county treasurer returned the sum of $56.03 to plaintiff and advised plaintiff that the county solicitor was of the opinion that plaintiff must deposit $195.03.

9. No surplus bond was filed by plaintiff.

Plaintiff filed a petition for a declaratory judgment seeking the judgment of the court construing the provision of the Act of January 31, 1956, P. L. 968, and declaring petitioner is not required to pay the sum of $139 demanded by respondent. Requests for findings of fact and conclusions of law were filed by petitioner, averring, in part, that the said act of legislature is unconstitutional.

### Discussion

The Act of January 31, 1956, P. L. 968, which amends section 10 of the Act of May 29, 1931, P. L. 280, provides as follows:

"It shall be the duty of the purchaser or purchasers at this treasurer's sale, as soon as the property is struck down, to pay (i) the amount of the purchase money, or (ii) such part thereof as may be necessary to pay all taxes, except such taxes as have heretofore been filed as liens in the office of the prothonotary, and all interest, and costs, and also one dollar and fifty cents for the use of the prothonotary for entering the report of the treasurer and acknowledgment of the treasurer's deed, as hereinafter mentioned, plus an additional amount equal to twenty-five per centum of the purchase money. In case said amount is not forthwith paid after the property is struck down, the sale shall be avoided and the property immediately put up again by the said treasurer. In the event the purchaser fails to later make complete settlement at the time and

in the manner provided for in this act, any money paid under the provisions of this section shall be forfeited and shall be disposed of the same as purchase money.

"Any such property, for which an amount sufficient to pay such taxes, interest, and the costs is not bid, shall be purchased by the county commissioners in which event the requirements of the preceding paragraph of this section shall not apply."

Plaintiff contends that the act is unconstitutional. This conclusion was reached by President Judge Pentz, of Clearfield County, in a recent case involving similar facts: Commonwealth v. Smith, 13 D. & C. 2d 343. This opinion was well reasoned, but we believe the true intention of the legislature may be ascertained and thus must disagree.

It may be helpful to discuss the situations which may arise in a tax sale. If, as often happens, the bid is taxes, interest and costs and no higher bid is received, the property is sold to the bidder and immediate payment is required under subsection (i) of the aforementioned Act of 1956.

In this case, the 25 percent payment is not required: Commonwealth v. Roberts, 12 D. & C. 2d 429.

When there is competitive bidding, the buyer must pay taxes, interest and costs and $15 for the use of the prothonotary, plus an additional amount equal to 25 percent of the purchase money under subsection (ii) of the Act of 1956.

The question is asked, "What is meant by purchase money?" It would seem it could have no other meaning than the sum bid to purchase the property, be it either just taxes, interest and costs or taxes, interest and costs and a greater amount.

Most of the cases in Pennsylvania have revolved on the question of whether or not when the Commonwealth is the bidder, it need pay the additional 25 per

cent. This is not involved in our instant case. Most of the cases in Pennsylvania have upheld the constitutionality of the act, and we concur in this finding.

Accordingly, we have reached the following

### Conclusions of Law

1. Where a purchaser at a treasurer's sale for the nonpayment of taxes, bids taxes, interest and costs only, and then tenders the amount of the purchase money, he is not required to pay the 25 percent of the purchase money as mentioned in the Act of January 31, 1956, P. L. 968, 72 PS §5971(j).

2. Where a purchaser at a treasurer's sale for the nonpayment of taxes, bids taxes, interest and costs and a surplus amount, and then tenders to the treasurer the taxes, interest and costs and an additional $1.50 for the prothonotary and offers to execute and deliver, and does execute and deliver in the form prescribed by law, a surplus bond in the amount of the surplus bid, he is not required to pay the extra 25 percent of the purchase money as mentioned in the Act of January 31, 1956, P. L. 968, 72 PS §5971(j), because he has made complete settlement.

3. Where a purchaser at a treasurer's sale for delinquent taxes bids taxes, interest and costs and a surplus amount and tenders to the treasurer the taxes, interest and costs and $1.50 for the prothonotary, and states that he is ready to pay the 25 percent of the purchase money mentioned in the Act of January 31, 1956, P. L. 968, 72 PS §5971(j) the 25 percent is to be figured on the total of the surplus amount and the taxes, interest and costs.

4. Where a purchaser at a treasurer's sale for the nonpayment of taxes bids taxes, interest and costs and a surplus amount and pays to the treasurer the taxes, interest and costs and $1.50 for the prothonotary and 25 percent of the purchase money, and later executes

and delivers the required surplus bond, the 25 percent of the purchase money is to be returned to the purchaser.

5. Where a purchaser at a treasurer's sale for the nonpayment of taxes bids taxes, interest and costs and a surplus amount and pays to the treasurer, at the demand of the treasurer, the taxes, interest and costs and $1.50 for the prothonotary and at the demand of the treasurer, executes and delivers the surplus bond for the surplus amount, he has completed settlement of the purchase as contemplated by the Tax Sale Law, as amended.

6. The Act of January 31, 1956, P. L. 968, 72 PS §5971(j), is not absurd, impossible of execution and unreasonable within the meaning of section 52 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §551.

### Decree

And now August 7, 1964, the bill of complaint in the above-entitled case is dismissed, and petitioner is directed to pay the sum of $139 demanded by respondent, or file an appropriate surplus bond, and the treasurer, in the absence of the payment by plaintiff of the taxes, interest and costs, $1.50 for the prothonotary and 25 percent of the purchase money within 20 days hereafter, is directed to resell the property involved, and in case said plaintiff does pay the money as aforesaid and complete settlement is made by the filing of the required surplus bond, the treasurer shall repay the said 25 percent to plaintiff and at the proper time execute and deliver its deed poll for the said property.

And the prothonotary is directed to serve a certified copy of this opinion and decree upon the attorneys for the parties involved, and if no exceptions are filed hereto within 20 days from the date hereof, the prothonotary shall enter this decree as a final decree at the cost of the County of Potter.